**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION**

| | | |
|---|---|---|
| **JAMES METCALF COPELAND** | § | |
| | § | |
| **VS.** | § | **Civil Action No.** 2:17-cv-10 |
| | § | |
| **3-D TRANSPORT & LOGISTICS,** | § | |
| **LLC and PRESTON W. DICKSON** | § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE COURT:

Plaintiff James Metcalf Copeland files this, his Original Complaint, complaining of and against Defendants 3-D Transport & Logistics, LLC and Preston W. Dickson. For cause of action, Plaintiff respectfully shows this Court the following:

### A.   PARTIES

1.      Plaintiff James Metcalf Copeland, an individual, is a citizen of the State of Texas, residing in Carthage, Panola County, Texas.

2.      Defendant 3-D Transport & Logistics, LLC, is a Louisiana limited liability company, having its principal place of business at 2990 Highway 163, Doyline, Webster Parish, Louisiana.   Accordingly, it is deemed to be a citizen of the State of Louisiana.   It may be served with process by serving its registered agent, Preston Wayne Dickson, at 2990 Highway 163 in Doyline, Louisiana 71023.

3.      Defendant Preston W. Dickson, an individual, is a citizen of the State of Louisiana and may be served with process at 2990 Highway 163, Doyline, Louisiana 71023.

### B.   JURISDICTION

4.      The Court has diversity jurisdiction over the subject matter of this action pursuant to 28 U.S.C. 1332(a) because there is complete diversity between the named Plaintiff and all named

Defendants and the amount in controversy exceeds $75,000.00, exclusive of interests and costs. *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 84 (2005).

## C.   VENUE

5.      Venue is proper in this district and division pursuant to 28 U.S.C. 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred in this Judicial District.

## D.   AGENCY/*RESPONDEAT SUPERIOR*

6.      Whenever it is alleged in this Petition that Defendant 3-D Transport & Logistics, LLC, did any act or thing, it is meant that its agents, servants, employees, parent agents, ostensible agents, agents by estoppel and/or representatives did such act or thing, and at the time such act or thing was done it was done with 3-D Transport's authorization or was done in the normal routine course of the agency of or employment with 3-D Transport.

## E.   FACTS

7.      This lawsuit results from a motor vehicle collision that occurred on January 6, 2015 at approximately 6:10 p.m. At the time of the collision, Mr. Copeland was the seat-belted driver of a 2001 Ford F-350 pickup and was traveling southbound on US Highway 79. At the same time, Mr. Dickson, operating a 1999 tractor-trailer owned by 3-D Transport, was also travelling southbound on US Highway 79, directly behind the Copeland vehicle. As Mr. Copeland attempted to make a left turn into a private drive while using his turn signal, Mr. Dickson failed to control his speed, swerving into oncoming traffic to avoid rear-ending Mr. Copeland's vehicle. Mr. Dickson avoided rear-ending Mr. Copeland, but, instead, violently collided with the front, driver's side of Mr. Copeland's vehicle as he turned left. The collision caused serious personal injuries to Mr. Copeland, including, but not limited to, injuries to his neck, shoulder, and back, and caused

Mr. Copeland's damages as set forth below.

8.      At all times material hereto, Mr. Dickson was employed by 3-D Transport and was acting at 3-D Transport's direction and for 3-D Transport's benefit.

9.      At all times material hereto, Mr. Dickson was in the course and scope of his employment with 3-D Transport.

10.     At all times material hereto, Mr. Dickson was engaged in the furtherance of 3-D Transport's business.

11.     At all times material hereto, Mr. Dickson was engaged in accomplishing a task for which he was employed by 3-D Transport.

12.     At all times material hereto, Mr. Dickson was negligent in the operation of a vehicle owned/operated by 3-D Transport.

## F.  NEGLIGENCE OF DEFENDANT PRESTON W. DICKSON

13.     The collision made the basis of this suit and the resulting injuries and damages were proximately caused by Dickson's negligent acts and/or omissions including but not limited to one or more of the following:

a.      Failing to keep the tractor-trailer that he was operating within a single lane, in violation of TEX. TRANSP. CODE §§ 545.060(a) and 545.061;

b.      Operating the tractor-trailer outside of a single lane when it was unsafe to do so, in violation of TEX. TRANSP. CODE §§ 545.060(a) and 545.061;

c.      Failing to control his speed in violation of TEX. TRANSP. CODE § 545.062;

d.      Failing to maintain a safe stopping distance between his vehicle and the vehicle in front of him, in violation of TEX. TRANSP. CODE § 545.062(a);

e.      Failing to keep such lookout as a person of ordinary prudence would have kept under the same or similar circumstances;

f.      Failing to pay that degree of attention that a person of ordinary prudence would have used under the same or similar circumstances;

g.    Driving the vehicle recklessly with willful or wanton disregard for the safety of persons or property, in violation of TEX. TRANSP. CODE § 545.401; and

h.    Failing to operate his tractor/trailer in accordance with the laws, ordinances, and regulations found in the TEX. TRANSP. CODE, in violation of 49 C.F.R. § 392.2.

14.    Dickson is independently liable for the foregoing negligent acts and/or omissions. Additionally, Defendant 3-D Transport & Logistics, LLC, is vicariously liable for the foregoing negligent acts and/or omissions of Dickson pursuant to the legal doctrine of *respondeat superior*.

15.    Each and all of the acts and omissions, singularly or in combination with others, constitute negligence and/or negligence *per se*, which proximately caused the incident made the basis of this action, directly resulting in the injuries and damages to Plaintiff. Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## G.  NEGLIGENCE *PER SE* OF DEFENDANT PRESTON W. DICKSON

16.    Pleading further, Plaintiff would show that Defendant Dickson's conduct violated specific provisions of law, including, but not limited to, sections 545.060(a), 545.061, 545.062, 545.104, and 545.401 of the Texas Transportation Code, Subtitle C, "Rules of the Road," and 49 C.F.R. § 392.2 of the Federal Motor Carrier Safety Act, which were enacted for the protection of the law abiding public, a class of which Plaintiff is a member, and by reason thereof, Defendant Dickson was negligent in the operation of the truck as a matter of law, and such negligence *per se* singularly or in combination with other acts, was the proximate cause of the occurrence made the basis of Plaintiff's causes of action.

## H.  VICARIOUS LIABILITY OF DEFENDANT 3-D TRANSPORT SERVICES, LLC

17.    Defendant Dickson was an employee and/or statutory employee of Defendant 3-D Transport and was in the course and scope of his employment when the subject collision occurred.

The negligence/negligence *per se* of Defendant Dickson is therefore imputed to Defendant 3-D Transport. The negligence/negligence *per se* of Defendant 3-D Transport, both directly and vicariously, was the proximate cause of the collision in question, pursuant to the legal doctrine *respondeat superior*.

18.     In the alternative, Defendant 3-D Transport is responsible for the negligent acts and/or omissions of Defendant Dickson because at the time and place in question, Defendant Dickson was operating a commercial vehicle in interstate commerce and he, as well as Defendant 3-D Transport, were therefore subject to the Federal Motor Carrier Safety Regulations, including 49 C.F.R. § 392.2. In pertinent part, 49 C.F.R. § 392.2 states, "Every commercial motor vehicle must be operated in accordance with the laws, ordinances, and regulations of the jurisdiction in which it is being operated." Accordingly, by violating, or by its employee violating, one or more of the sections of the Texas Transportation Code listed above, 3-D Transport also violated 49 C.F.R. § 392.2.

## I.   NEGLIGENCE OF 3-D TRANSPORT & LOGISTICS, LLC

19.     The occurrence made the basis of Plaintiff's lawsuit and the resulting injuries and damages suffered by Plaintiff were proximately caused by Defendant 3-D Transport's negligent acts and/or omissions including but not limited to one or more of the following:

   a.   failing to train and properly supervise its employees;

   b.   failing to ensure that its employees keep a proper lookout in the operation of vehicles as a person of ordinary prudence would have kept under the same or similar circumstances;

   c.   allowing its employee to operate vehicles without regard for the safety and welfare of other persons or property as an ordinarily prudent person would have under the same or similar circumstances;

   d.   failure to ensure that its employees operate in a single lane all motor vehicles entrusted to the employee(s) by Defendant 3-D Transport for operation on public streets and highways;

e.   failure to ensure that its employees pay the same degree of attention as a person of ordinary prudence would use when faced with the same or similar circumstances as those faced by Defendant Dickson who struck Plaintiff's vehicle when the subject incident occurred;

f.   failure to ensure that its employees properly and timely applied the brakes; and

g.   failure to ensure that its employees who drive its motor vehicles do so at a reasonable and prudent speed.

20.   Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.   Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## J.   NEGLIGENT HIRING BY 3-D TRANSPORT & LOGISTICS, LLC

21.   Plaintiff alleges herein that Defendant 3-D Transport was negligent in the hiring of its employee, Preston W. Dickson, who struck Plaintiff's with the vehicle entrusted to Dickson by 3-D Transport, in that Defendant knew, or in the exercise of reasonable care should have known, that Mr. Dickson was unfit or unqualified for a position that would require him/her to safely operate motor vehicles.

22.   The foregoing act(s) and/or omission(s), alone or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.   Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## K.   NEGLIGENT TRAINING BY 3-D TRANSPORT & LOGISTICS, LLC

23.   Plaintiff alleges herein that Defendant 3-D Transport was negligent in the training of its employee in the following particulars:

a.   Defendant 3-D Transport knew, or in the exercise of reasonable care should have known, that its employee, Preston W. Dickson, was unfit or unqualified

for a position in which he was required to safely operate and drive motor vehicles;

b.  Defendant 3-D Transport failed to properly train and/or instruct its employee, Preston W. Dickson, for the job he was to perform and for the safe operation of a motor vehicle; and

c.  Defendant 3-D Transit failed to instruct or train its employee, Preston W. Dickson, concerning the motor vehicle and allowed its employee to drive a motor vehicle when it knew or should have known that the employee was not capable of or qualified in operating the vehicle prudently.

24.     Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.    Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## L.  NEGLIGENT SUPERVISION BY 3-D TRANSPORT & LOGISTICS, LLC

25.     Plaintiff alleges herein that Defendant 3-D Transport was negligent in the supervision of its employee in the following particulars:

a.  Defendant 3-D Transport knew or in the exercise of reasonable care, should have known, that its employee, Preston W. Dickson, was unfit or unqualified for a position which he was required to safely operate a motor vehicle;

b.  Defendant 3-D Transport failed to supervise its employee, Preston W. Dickson, for the job that he was to perform; and

c.  Defendant 3-D Transport failed to supervise its employee, Preston W. Dickson, on the date of the incident in question, and allowed or failed to prevent Mr. Dickson from operating Defendant 3-D Transport's vehicle in an unsafe manner.

26.     Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.    Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## M. NEGLIGENT RETENTION BY 3-D TRANSPORT & LOGISTICS, LLC

27.     Plaintiff alleges herein that Defendant 3-D Transport was negligent in the retention of its employee, Preston W. Dickson, in that Defendant 3-D Transport knew or in the exercise of reasonable care should have known, that its employee was unfit or unqualified for a position which he was required to safely operate a motor vehicle.    Despite this actual or constructive knowledge, Defendant 3-D Transport negligently retained Mr. Dickson from the date on which he was hired until and including the date of the incident in question.    During that time, Defendant 3-D Transport allowed Mr. Dickson to operate or failed to prevent Mr. Dickson from operating its vehicle in an unsafe manner.

28.     Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.    Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## N.  NEGLIGENT ENTRUSTMENT BY 3-D TRANSPORT & LOGISTICS, LLC

29.     Plaintiff would further show this Court that Defendant 3-D Transport failed to exercise due care and negligently entrusted a motor vehicle to its employee, Preston W. Dickson. Defendant 3-D Transport knew or should have known that Mr. Dickson was not capable of safely operating a motor vehicle.    But for Defendant 3-D Transport's negligent entrustment of its motor vehicle to Mr. Dickson, this motor vehicle collision would not have occurred.

30.     Each and all of the foregoing acts or omissions, singularly or in combination with others, constituted negligence, which proximately caused the occurrence made the basis of this action and Plaintiff's injuries and damages.    Plaintiff reserves the right to plead more specifically as facts become more fully known in discovery.

## O.   DAMAGES

18.     As a direct and proximate result of the negligent/negligent *per se* conduct of the

Defendants and the subject collision, Plaintiff JAMES METCALF COPELAND sustained serious

personal injuries. As a result of these injuries, he has suffered the following damages:

   a.     Medical expenses incurred in the past;

   b.     Medical expenses that, in reasonable probability, Plaintiff will incur in the future;

   c.     Past mental anguish;

   d.     Mental anguish that, in reasonable probability, Plaintiff will suffer in the future;

   e.     Past physical pain and suffering;

   f.     Physical pain and suffering that, in reasonable probability, Plaintiff will suffer in the future;

   g.     Past physical impairment; and

   h.     Physical impairment that, in reasonable probability, Plaintiff will suffer in the future.

19.     Plaintiff seeks fair and reasonable compensation for his damages together with pre-

judgment and post-judgment interest at the maximum amount for the maximum period allowed by

law.

20.     All damages sought herein are within this Court's jurisdictional limits.

## P.   PRAYER FOR RELIEF

PREMISES CONSIDERED, Plaintiff requests that Defendants be summoned to appear

and answer and that, upon final trial of this cause, Plaintiff have:

   a.     actual damages within the jurisdictional limits of this Court;

   b.     pre-judgment and post-judgment interest at the maximum rate for the maximum period allowed by law;

c.      costs of Court; and

d.      all such other and further relief to which Plaintiff may show himself justly
        entitled.

                                        Respectfully submitted,

                                        /s/ Alan J. Robertson
                                        ALAN J. ROBERTSON
                                        State Bar No. 24067952
                                        arobertson@sloanfirm.com
                                        SLOAN, HATCHER, PERRY, RUNGE,
                                                ROBERTSON & SMITH
                                        101 East Whaley Street
                                        Longview, Texas 75601
                                        Telephone          903-757-7000
                                        Facsimile          903-757-7574

                                        ATTORNEY FOR PLAINTIFF